UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

RUBIO ALEXANDER ROSERO
ORDONEZ,

                Petitioner,

v.

                                  No.  1:26-CV-00264-H

IMMIGRATION REVIEW
WARDEN OF BLUEBONNET
DETENTION FACILITY,

                Respondent.

## ORDER

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2241 to challenge his immigration detention in the Bluebonnet Detention Center, and he paid the filing fee. Dkt. No. 1. But Petitioner also has an earlier petition pending in this Court, filed by counsel, which challenges the same detention. *See Rosero Ordonez v. Cerna, et al.*, No. 1:26-cv-00070.

In his earlier counseled petition, Petitioner challenges the duration and conditions of his detention. *See* No. 1:26-cv-00070 at Dkt. No. 1. Here, he appears to challenge the fact of his detention, arguing that he is entitled to release because he is not a criminal but a defender of the law, and he has a job. Dkt. No. 1 at 6.

First, the Court advises Petitioner that he is not entitled to hybrid representation, in which his counsel files some motions and he files others. *See McKaskle v. Wiggins*, 465 U.S. 168, 182–83 (1984) (providing that there is no constitutional right to hybrid representation); *United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978). The Fifth Circuit has applied the same rule in a wide variety of contexts. *See Wells v. Lumpkin*, No. 4:21-cv-1384, 2022 WL

1655124, at *1 (N.D. Tex., May 20, 2022) (citing *United States v. Sanders*, 843 F.3d 1050, 1053–54 (5th Cir. 2016)).  Thus, Petitioner may not simultaneously seek habeas relief through counsel and through a pro se filing.

Second, because the Court will consider and adjudicate Petitioner's claims for habeas relief in No. 1:26-CV-00070, the Court concludes that this case should be dismissed without prejudice as duplicative.  *See Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (explaining that it is an abuse of the writ to raise a claim in a subsequent petition that could have been raised in the first).

Alternatively, to the extent that the pro se petition could be construed as a challenge to Petitioner's order of removal, it must be dismissed without prejudice for lack of jurisdiction.  "The passage of the REAL ID Act divested district courts of jurisdiction over removal orders and designated the courts of appeals as the sole forums for such challenges via petitions for review."  *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007) (citing 8 U.S.C. § 1252(a)(5) (citation omitted)).

Any future pleadings concerning Petitioner's Section 2241 challenge to his immigration detention must be filed by counsel of record in No. 1:26-CV-00070-H and bear that case number.  Additionally, the Clerk is directed to docket a copy of Petitioner's pro se petition, Dkt. No. 1, and this dismissal order in No. 1:26-cv-00070.

The Court will enter judgment accordingly.

Dated June 2, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge

2