UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

RUBIO ALEXANDER ROSERO
ORDONEZ,

　　　　Petitioner,

v.　　　　　　　　　　　　　　　　　　　　No. 1:26-CV-070-H

ROBERT CERNA, et al.,

　　　　Respondents.

## ORDER

Before the Court is Rubio Alexander Rosero Ordonez's petition for a writ of habeas corpus. Dkt. No. 1. Rosero Ordonez, a native and citizen of Colombia, claims that he has been detained pursuant to a final order of removal since April 14, 2025. *Id.* at 2. "Despite the entry of that order," he claims that the respondents "ha[ve] failed to effectuate [his] removal or to articulate any concrete, realistic plan for doing so in the reasonably foreseeable future." *Id.*; *see also Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).

The Court ordered the respondents to show cause why Rosero Ordonez's petition should not be granted. Dkt. No. 3; *see* 28 U.S.C. § 2243. The respondents timely answered (Dkt. Nos. 8; 9), though Rosero Ordonez did not file a reply. In their answer, the respondents acknowledged that Rosero Ordonez was ordered removed on April 14, 2025. Dkt. Nos. 8 at 2; 9 at 14–15. But because he appealed that decision to the Board of Immigration Appeals, his order of removal had not yet become final. *See* Dkt. No. 9 at 15; 8 U.S.C. § 1101(a)(47)(B). Therefore, the respondents reasoned, Rosero Ordonez was validly detained pending his removal proceedings pursuant to 8 U.S.C. § 1225. Dkt. No. 8 at 3–5 (citing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)).

However, according to the online automated case information on the EOIR website, the BIA dismissed Rosero Ordonez's appeal on April 30, 2026. This means his order of removal became administratively final—and thus the 90-day removal period began—only 35 days ago. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 541 (2021). As things stand today, then, Rosero Ordonez is subject to mandatory detention pursuant to 8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien."). Moreover, the respondents filed a notice yesterday indicating their "inten[t] to remove [Rosero Ordonez] from the United States within the next week." Dkt. No. 12.

Were Rosero Ordonez truly detained beyond the removal period with no "significant likelihood of removal in the reasonably foreseeable future," his petition would have merit. *Zadvydas*, 533 U.S. at 701. Because he is validly detained during the removal period, and because his removal appears to be imminent, the petition for a writ of habeas corpus (Dkt. No. 1) is denied.

So ordered on June 4, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE